# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

No. 10-60257
Summary Calendar

Lyle W. Cayce
Clerk

HEBERT OSORIO-BURGOS, also known as Herbert Osorio-Burgos, also known as Hebert Josue Osorio Burgos, also known as Heberth Josue Osorio, also known as Heberth Osorio,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 059 589

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Hebert Osorio-Burgos, a citizen and native of Honduras, has filed a petition for review from the denial by the Board of Immigration Appeals (BIA) of his request for withholding of removal and protection under the Convention Against Torture (CAT).  He argues that the BIA erred when it determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the threats, harassment, and extortion perpetrated on him by gang members did not warrant relief from removal.

Osorio-Burgos does not challenge the determination by the immigration judge (IJ) and the BIA that he was not entitled to relief under the CAT. He has therefore abandoned any challenge to this ruling. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Osorio-Burgos argues that the BIA erred in determining that he was ineligible for asylum. However, because Osorio-Burgos did not seek asylum before the IJ or the BIA, this court lacks jurisdiction to review the claim. *See Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009).

The IJ and the BIA determined that Osorio-Burgos's claim for withholding of removal failed because he did not establish that the persecution was motivated by his membership in a particular social group. An applicant for withholding of removal has the burden of showing that it is "more likely than not" that his life or freedom would be threatened by persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 208.16(b); 8 U.S.C. § 1231(b)(3)*; Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Although Osorio-Brugos argues that he is member of a particular social group, he has failed to establish that he is a "member of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *See Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (internal quotation marks and citation omitted). Accordingly, the petition for review is DENIED.